**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 17-cv-01935-RM

REBECCA MENA,

      Plaintiff,

v.

ANDREW M. SAUL, Commissioner of Social Security,

      Defendant.

_____

## ORDER

_____

This matter is before the Court on Plaintiff's Motion for an Award of Attorney's Fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 (the "Motion") (ECF No. 26). Defendant has filed no response and the time to do so has expired. Upon consideration of the Motion, the Court finds and orders as follows.

The Equal Access to Justice Act ("EAJA") provides for an award of attorney's fees to a prevailing party against the United States unless the Court finds that the position of the United States was substantially justified. 28 U.S.C. § 2412(d)(1)(A). The test for substantial justification "is one of reasonableness in law and fact." *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007) (quotation marks and citation omitted). "The government's 'position can be justified even if it is not correct.'" *Hackett*, 475 F.3d at 1172 (quoting *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988)). The burden is on Defendant to show his position was substantially justified. *Hackett*, 475 F.3d at 1172.

In this case, Defendant does not argue its position was substantially justified. Further, it

does not dispute that Plaintiff is the prevailing party, the reasonableness of the time spent by counsel, or the applicable rate. Upon review, the Court finds there is sufficient basis to grant the Motion. According, it is **ORDERED** as follows:

(1) That Plaintiff's Motion for an Award of Attorney's Fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 (ECF No. 26) is GRANTED in the amount of $6,122.06; and

(2) That if, after receiving the Court's EAJA fee order, the Commissioner (1) determines that Plaintiff does not owe a debt that is subject to offset under the Treasury Offset Program, and (2) agrees to waive the requirements of the Anti-Assignment Act, the fees will be made payable to Plaintiff's attorney. However, if there is a debt owed under the Treasury Offset Program, the Commissioner cannot agree to waive the requirements of the Anti-Assignment Act, and the remaining EAJA fees after offset will be paid by a check made out to Plaintiff but delivered to Plaintiff's attorney.

DATED this 19th day of May, 2020.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge